# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NIKOLLE DENISE DIXON,<br><br>    Defendant. | Case No. CR-15-084-RAW |

## ORDER

The Indictment was filed in this case on December 9, 2015. On December 31, 2015, the court granted Defendant's unopposed motion for a continuance to obtain psychiatric records and determine the necessity of a psychiatric evaluation. On February 17, 2016, the court granted Defendant's unopposed motion for a continuance for additional time to consult with mental health professionals and further review psychiatric records. On March 18, 2016, Defendant filed a notice of insanity defense alleging insanity at the time of offense. On March 21, 2016, the court granted Defendant's unopposed motion for a continuance for additional time to be evaluated. On April 21, 2016, the court granted Defendant's fourth unopposed motion for a continuance.

On May 16, 2016, the Government filed a motion requesting an evaluation pursuant to 18 U.S.C. § 4247(b) and (c). On May 23, 2016, Defendant filed a "notice of intent to withdraw insanity defense," wherein Defendant states that she "intends to introduce expert evidence relating to mental disease, defect, or mental condition of the defendant bearing on the issue of guilt (i.e., a defense to specific intent under the statute)." On June 1, 2016, the court granted the

1

Government's motion for an evaluation in part, directing that the evaluation be conducted locally.

On June 20, 2016, Defendant filed a notice of defense of duress. On June 23, 2016, the Government requested a continuance so that its psychologist would have time to perform the evaluation pursuant to § 4242(a). Defendant did not object and waived her right to a speedy trial at a hearing on June 24, 2016. The court granted the motion and set this action on its August 20, 2016 docket. Now before the court the Government's motion in limine [Docket No. 52].

The Government moves the court to preclude Defendant from presenting any testimony regarding duress, including expert witness testimony. The Government argues that Defendant is wholly unable to make a preliminary showing of entitlement to a defense of duress and that she cannot utilize an expert to testify as to the Defendant's subjective reasonableness for a defense that is based on objective reasonableness.[1] Defendant requests that she be allowed to present testimony as to duress and that a jury instruction be given. Defendant argues that she only needs some evidence to assert the defense and that whether she may present expert testimony here is a matter of first impression for this court.[2]

**Elements of the Defense of Duress**

Before Defendant may present evidence on the issue of duress and receive a jury instruction, she must establish by a preponderance of the evidence each of the following

---

[1] The Government also argues that Defendant cannot as a matter of law present of defense of duress to negate the *mens rea* element. Defendant states that she is not using the defense to negate *mens rea*, but to excuse the crime despite the presence of *mens rea.*
[2] The court notes that no hearing was requested or held. Defendant provided a thorough explanation of her defense and the evidence she intends to use to prove it in her Notice of Defense. Docket No. 46.

elements: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm." United States v. Portillo-Vega, 478 F.3d 1194, 1197-1200 (10th Cir. 2007).

The United States Court of Appeals for the Tenth Circuit has listed the elements in the Criminal Pattern Jury Instructions as:

> (1) the defendant was under an unlawful and present, imminent and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury to himself;
> (2) the defendant had no reasonable, legal alternative to violating the law, that he had no chance both to refuse to do the criminal act and also to avoid the threatened harm; and
> (3) a direct causal relationship could have been reasonably anticipated between engaging in the criminal action and avoiding the threatened harm.

Tenth Circuit Criminal Pattern Jury Instruction 1.36. In the comments below this jury instruction, citing Shannan v. United States, 76 F.2d 490, 493 (10th Cir. 1935), the Tenth Circuit notes: "It should be emphasized that if it is uncontested that a defendant had a full opportunity to avoid the criminal act without danger to himself or others, he is not entitled to the coercion instruction."

**Background**

Between January of 2011 and January 2014, Defendant worked as a cashier at the Choctaw Travel Plaza. The Government alleges that while working there, she embezzled money. She admits that she embezzled the money, but argues that she was under duress and had no other option. In her Notice of Defense, Defendant explains that she is 24 years old. She lives with and acts as a caretaker for her disabled mother. She has attended college for six years, but has only completed about two years of course work due to learning disabilities and emotional issues.

Defendant was twelve years old when her mother married her stepfather. Her stepfather lived with them for the next four years. During that time, he sexually assaulted her on a near daily basis. Even after her mother and stepfather separated, he continued to abuse her sporadically for another six years. Defendant never reported the abuse to her mother or authorities, primarily because of her stepfather's threats to her.

After her stepfather moved out of the house, he continued to pay support for Defendant's mother. Just prior to the events alleged in the Indictment, however, he cut off financial support and refused to provide financial support unless he was allowed to move back into the home. Defendant states that without the money from her stepfather, Defendant and her mother could not "make ends meet." Defendant's mother wanted her stepfather to move back into the home to alleviate their financial hardship.

Because she was afraid of her stepfather moving back into the home and resuming the abuse, Defendant began taking money from the Choctaw Travel Plaza to give to her mother for bills. Defendant states that her mother was just as likely to gamble the money away at the casino. Defendant states, however, that she knew if her mother had enough money, she would not allow her stepfather to move back into the home.

**Defendant's Argument**

Utilizing the Tenth Circuit's pattern instructions, as to the first element of the defense, Defendant argues that if her stepfather returned to the family home, he would resume assaulting her on a daily basis. She states she was terrified that he would return to the home the second she failed to bring home enough money to satisfy her mother.

As to the second element of the defense, Defendant argues that she had no reasonable legal alternative. While she acknowledges that the ability to contact law enforcement generally

constitutes a reasonable alternative, she argues that she suffered from a mental disease or defect that prevented her from reporting the abuse or disregarding the threats. She states that she was groomed by her stepfather from childhood to fear reporting the abuse. Moreover, she states she suffered from post-traumatic stress disorder (hereinafter "PTSD"). Defendant intends to introduce testimony from Dr. Grundy, a licensed psychologist who evaluated her on April 12, 2016 and from Dr. Nation, a licensed psychologist who began treating her in April of 2015 and continues to do so. Defendant argues that the testimonies of Dr. Grundy and Dr. Nation will establish that the threats from her stepfather and the PTSD she suffered from his abuse prevented her from reporting the abuse.

As to the third element of the defense, Defendant argues that there is a causal link between her embezzlement and the prevention of harm to herself. She argues that she stole the money to provide to her mother so that her mother would not allow her stepfather to move back into their home, after which the daily abuse would have resumed.

**Analysis**

Defendant fails to establish the elements of the duress defense by a preponderance of the evidence. First, Defendant has not shown an imminent and impending threat. Defendant states in her Notice that the abuse began when she was 12 and lasted a total of ten years until she was 22. She is now 24. While there was a possibility that he could have attempted to abuse her again if he moved back into the home, it was a possibility, not an imminent and impending threat.

Second, even accepting the testimony that Dr. Gundy and Dr. Nation would give, Defendant has not shown that she had no reasonable alternative. Even if her stepfather's threats and her PTSD kept her from reporting the abuse, reporting the abuse was only one alternative. She could have left the home. She could have sought out a family member to move in with, even

5

if only temporarily. Also, as the Government argues, she could have sought out friends or co-workers to move in with or she could have sought housing assistance through the tribe. She could have attempted to acquire a loan. Despite her stepfather's threats and her PTSD, she had reasonable alternatives available to her.

Finally, Defendant has not established a causal link. As the Government argues, her mother could have invited her stepfather to move back into the home regardless of the embezzlement. Moreover, Defendant could have simply stolen the money to provide for herself and her mother without regard to her stepfather. She does not allege that he agreed not to abuse her if she stole the money or even that her mother agreed not to allow him back into the home if she stole the money. She argues only that she believed her mother would not allow him back into the home if she provided her with enough money for bills and gambling.

While the court views the evidence favorably to Defendant, before she is entitled to present her evidence of duress to the jury and receive a jury instruction, she must establish each of the elements by a preponderance of the evidence. Portillo-Vega, 478 F.3d at 1197-98. Insufficiency of the evidence on any one element may preclude consideration by the jury of the evidence on all of the elements. Id. at 1200 (citing United States v. Bailey, 444 U.S. 394, 415-16 (1980)).

**Conclusion**

Defendant has failed to establish each of the elements by a preponderance of the evidence. Accordingly, the Government's motion in limine [Docket No. 52] is hereby GRANTED.

**IT IS SO ORDERED** this 11th day of August, 2016.

*/s/ Ronald A. White*
_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**